TIMOTHY C. FOX
Montana Attorney General
J. STUART SEGREST
MATTHEW T. COCHENOUR
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
ssegrest@mt.gov
mcochenour2@mt.gov
Phone: (406) 444-2026, Fax: (406) 444-3549

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., | Case No. CV 16-00023-H-DLC |
|---|---|
| Plaintiff, <br> v. <br><br> JONATHAN MOTL, in his official capacity as the Commissioner of Political Practices for the State of Montana, TIMOTHY C. FOX, in his official capacity as Attorney General for the State of Montana, LEO GALLAGHER, in his official capacity as the County Attorney for the County of Lewis & Clark, <br><br> Defendants. | **ANSWER** |

## PREFACE

Plaintiff's Verified Complaint for Injunctive Relief, Declaratory Relief, and Nominal Damages (Complaint) (Doc. 1) contains abundant citations to case law and statutes as allegations of "fact." To the extent that Plaintiff has pleaded "legal conclusions couched as factual allegations," those allegations are insufficient under Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009); *Leite v. Crane,* 749 F.3d 1117, 1121 (9th Cir. 2014). Courts do not accept the truth of legal conclusions merely because they are presented as factual allegations. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

## FIRST DEFENSE

With respect to the numbered allegations contained in Plaintiff's Complaint, Defendants Jonathan Motl, in his official capacity as Commissioner of Political Practices; Timothy Fox, in his official capacity as Attorney General of the State of Montana, and Leo Gallagher, in his official capacity as Lewis and Clark County Attorney (collectively Defendants), admit, deny, and allege as follows:

### PRELIMINARY STATEMENT

1. Paragraph 1 is part of a preliminary statement, to which no response is required. Paragraph 1 contains no factual allegations but only case citations. Defendants refer to the cited cases for their content and deny the allegations to the extent they state or imply otherwise.

2. Paragraph 2 is part of a preliminary statement, to which no response is required. Defendants refer to the First and Fourteenth Amendments of the United States Constitution for their content and deny the allegations to the extent they state or imply otherwise. To the extent Paragraph 1 constitutes Plaintiff's characterization of its Complaint, no response is required.

3. Paragraph 3 is part of a preliminary statement, to which no response is required. Additionally, Paragraph 3 constitutes Plaintiff's characterization of its Complaint, which does not require a response. Defendants refer to the cited case and statutes for their content and deny the allegations to the extent they state or imply otherwise.

4. Paragraph 4 is part of a preliminary statement, to which no response is required. Additionally, Paragraph 4 constitutes Plaintiff's characterization of its Complaint, which does not require a response. Defendants refer to the cited case and statutes for their content and deny the allegations to the extent they state or imply otherwise. Additionally, Paragraph 4 contains legal conclusions and Plaintiff's characterization of its Complaint, which do not require a response. To the extent a response may be required, Defendants deny any remaining allegations.

5. Paragraph 5 is part of a preliminary statement, to which no response is required. Additionally, Paragraph 5 constitutes Plaintiff's characterization of its

Complaint, which does not require a response. To the extent a response may be required, Defendants deny any remaining allegations.

6. Paragraphs 6-8 are part of a preliminary statement, to which no response is required. Additionally, Paragraph 6-8 contain legal claims or conclusions and Plaintiff's characterization of its Complaint, which do not require a response. Defendants refer to the cited statutes and constitutional provisions for their content and deny the allegations to the extent they state or imply otherwise. Defendants deny that Montana's laws are unconstitutional. To the extent further response may be required, Defendants deny any remaining allegations.

7. Paragraph 9 is part of a preliminary statement, to which no response is required. Defendants refer to the cited statute for its content and deny the allegations to the extent they state or imply otherwise. To the extent a response may be required, Defendants deny any remaining allegations.

8. Paragraph 10 is part of a preliminary statement, to which no response is required. Defendants refer to Mont. Code Ann. § 13-35-225(3) for its content and deny the allegations to the extent they state or imply otherwise. Additionally, Paragraph 10 contains legal claims or conclusions, which do not require a response. To the extent a response may be required, Defendants deny any remaining allegations.

9. Paragraph 11 is part of a preliminary statement, to which no response is required. Additionally, Paragraph 11 contains legal claims or conclusions, which do not require a response. To the extent a response may be required, Defendants deny any remaining allegations.

10. Paragraph 12 is part of a preliminary statement, to which no response is required. Additionally, Paragraph 12 contains legal claims or conclusions, which do not require a response. Defendants deny that Montana's laws are unconstitutional. To the extent further response may be required, Defendants deny any remaining allegations.

## JURISDICTION AND VENUE

11. In response to Paragraphs 13-14, Defendants admit only that this Court has personal jurisdiction in this action and that venue is proper in the Missoula Division. Defendants deny that a justiciable controversy exists as to all of Plaintiff's claims.

## PARTIES

12. In response to Paragraph 15, Defendants are without sufficient information as to the truth of the allegations, and therefore deny the allegations.

13. In response to Paragraphs 16-18, Defendants admit that Defendant Motl is the Commissioner of Political Practices for Montana, Defendant Fox is the Attorney General of Montana, and Defendant Gallagher is the

County Attorney of Lewis and Clark County. Defendants recognize that they are sued in their official capacities only. Defendants admit they have authority as established by law. As to the remaining allegations in these Paragraphs, Defendants refer to Title 13, chapter 35 of the Montana Code Annotated for its content and deny the allegations to the extent they state or imply otherwise.

## STATEMENT OF FACTS

14. In response to Paragraphs 19-22, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations.

15. In response to Paragraph 23, Defendants refer to the cited statute and regulation for their content and deny the allegations to the extent they state or imply otherwise. Paragraph 23 also contains legal claims or conclusions, which do not require a response. To the extent a response may be required, Defendants deny any remaining allegations.

16. In response to Paragraph 24, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations. Additionally, to the extent Paragraph 24 constitutes a legal claim or conclusion, no response is required. To the extent a response may be required, Defendants deny any remaining allegations.

17. In response to Paragraphs 25-29, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations.

18. In response to Paragraph 30, Defendants admit only that the Montana Legislature passed SB 289, which revised Montana's campaign finance laws. Defendants refer to the bill for its content and deny the allegations to the extent they state or imply otherwise. Paragraph 30 contains legal claims and conclusions, which require no response. To the extent a response may be required, Defendants deny any remaining allegations.

19. In response to Paragraph 31, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations. Additionally, to the extent Paragraph 31 constitutes a legal claim or conclusion, no response is required. To the extent a response may be required, Defendants deny any remaining allegations.

20. In response to Paragraph 32, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations. In response to Paragraph 33-35, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations. Additionally, to the extent Paragraphs 33-35 constitute legal claims or conclusions, no response is required. To the extent a response may be required, Defendants deny any remaining allegations.

21. Paragraphs 36-37 constitute legal claims or conclusions, which require no response. Defendants deny that Montana's laws are unconstitutional.

To the extent further response may be required, Defendants deny any remaining allegations.

## CLAIMS FOR RELIEF

22. Paragraphs 38-46 contain no factual allegations but only legal claims or conclusions and case citations. These paragraphs are essentially a legal brief, and Courts do not accept the truth of legal conclusions merely because they are presented as factual allegations. *See Holy See*, 557 F.3d at 1073. Defendants refer to the cited cases for their content and deny the allegations to the extent they state or imply otherwise. To the extent further response may be required, Defendants deny any remaining allegations.

## FIRST CLAIM FOR RELIEF

23. In response to Paragraph 47, Defendants incorporate Paragraphs 1-23 above by reference.

24. Paragraph 48 constitutes legal claims or conclusions, which require no response. To the extent a response may be required, Defendants deny any remaining allegations.

25. In response to Paragraph 49, Defendants refer to the mailing for its content and deny the allegations to the extent they state or imply otherwise. Paragraph 49 contains legal claims or conclusions, which require no response. To the extent a response may be required, Defendants deny any remaining allegations.

26. Paragraph 50 constitutes legal claims or conclusions, which require no response. To the extent a response may be required, Defendants deny any remaining allegations.

27. In response to Paragraphs 51-52, Defendants refer to the cited statutes for their content and deny the allegations to the extent they state or imply otherwise. To the extent a response may be required, Defendants deny any remaining allegations.

28. Paragraph 53 cannot be admitted nor denied as written because it is unclear what "this statute" refers to. To the extent it refers to the statutes contained in Paragraphs 51-52, Defendants Deny. These statutes set forth definitions, and there is nothing to violate.

29. In response to Paragraph 54, Defendants refer to the cited document for its content and deny the allegations to the extent they state or imply otherwise. Paragraph 54's reference to "these statutes" suffers from the same ambiguity as Paragraph 53, and Defendants incorporate their response to that paragraph. Additionally, Paragraph 54 contains legal claims or conclusions, which require no response. To the extent a response may be required, Defendants deny any remaining allegations.

30. In response to Paragraph 55, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations. To

the extent Paragraph 55 constitutes legal claims or conclusions, no response is required. To the extent a response may be required, Defendants deny any remaining allegation.

## SECOND CLAIM FOR RELIEF

31. In response to Paragraph 56, Defendants incorporate Paragraphs 1-31 above by reference.

32. In response to Paragraph 57, Defendants refer to the cited statute for its content and deny the allegations to the extent they state or imply otherwise. To the extent a response may be required, Defendants deny any remaining allegations.

33. In response to Paragraph 58, Defendants refer to the cited statutes for their content and deny the allegations to the extent they state or imply otherwise. Paragraph 58 contains legal claims or conclusions, which require no response. To the extent a response may be required, Defendants deny any remaining allegations.

34. Paragraphs 59-61 constitute legal claims or conclusions, which require no response. To the extent a response may be required, Defendants deny any remaining allegations.

35. In response to Paragraph 62, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations. To the extent Paragraph 62 constitutes legal claims or conclusions, no response is

required.  To the extent a response may be required, Defendants deny any remaining allegations.

### THIRD CLAIM FOR RELIEF

36. In response to Paragraph 63, Defendants incorporate Paragraphs 1-36 above by reference.

37. In response to Paragraph 64, Defendants refer to the cited statutes for their content and deny the allegations to the extent they state or imply otherwise. To the extent a response may be required, Defendants deny any remaining allegations.

38. Paragraphs 65-68 constitute legal claims or conclusions, which require no response.  To the extent a response may be required, Defendants deny any remaining allegations.

39. In response to Paragraph 69, Defendants are without sufficient information as to the truth of the allegations and therefore deny the allegations. To the extent Paragraph 69 constitutes legal claims or conclusions, no response is required.

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is necessary.  To the extent a response is necessary, Defendants deny that Plaintiff is entitled to relief on any claim alleged in its Complaint.

## GENERAL DENIAL

Except as expressly admitted herein, Defendants deny every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendants are not "persons" subject to suit under 42 U.S.C. § 1983.

3. Defendants did not subject Plaintiff, or cause Plaintiff to be subjected, to any violation of rights secured by the United States Constitution.

4. Defendants cannot be sued for retroactive injunctive relief under 42 U.S.C. § 1983.

5. Defendants have qualified immunity from liability because the acts alleged constitute discretionary functions that would not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

6. Defendants are immune from liability for quasi-judicial actions.

7. Defendants are immune from liability, either directly or derivatively, based upon absolute or qualified prosecutorial immunity, or quasi-prosecutorial immunity.

8. Defendants are immune from liability as provided in Mont. Code Ann. § 2-9-305.

9. Defendants are not civilly liable for their actions as provided in Mont. Code Ann. § 2-9-103.

10. Defendants are immune from liability, or cannot be liable, based on the public duty doctrine.

11. Plaintiff lacks standing to assert the causes of action and claims of which it complains.

12. Plaintiff's causes of action and claims are not ripe.

13. This Court should abstain from hearing this matter under the federal abstention doctrines.

Defendants reserve the right to amend this Answer to allege new and additional defenses as they might arise or become known through discovery or further investigation.

## **PRAYER FOR RELIEF**

Based on these answers and affirmative defenses, Defendants respectfully request the Court to enter a judgment as follows:

(a) Dismissing the Complaint with prejudice;

(b) Denying Plaintiff's request for declaratory, injunctive, nominal damages, litigation costs, attorney fees, and other relief;

(c) Awarding Defendants litigation costs and reasonable attorney fees as the prevailing party as provided in 42 U.S.C. § 1988 and *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005); and

(d) Awarding such further relief as the Court may find to be just and equitable.

Respectfully submitted this 27th day of April 2016.

> TIMOTHY C. FOX
> Montana Attorney General
> MATTHEW T. COCHENOUR
> Assistant Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By: */s/ Matthew T. Cochenour*
> MATTHEW T. COCHENOUR
> Assistant Attorney General
> Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.

Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated: April 27, 2016         /s/ Matthew T. Cochenour
                                                     MATTHEW T. COCHENOUR
                                                     Assistant Attorney General
                                                     Counsel for Defendant