UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN MOTL, in his official capacity as the Commissioner of Political Practices for the State of Montana, *et al.*, <br><br> Defendants. | Case No. CV 16-00023-H-DLC <br><br> **DECLARATION OF JONATHAN MOTL** |
|---|---|

I, JONATHAN MOTL, hereby declare as follows:

1. I am the Commissioner of Political Practices of the State of Montana.

2. I have issued an administrative finding of fact (a Sufficiency Decision) that implicates campaign activity of the National Association for Gun Rights (NAGR) regarding NAGR's 2012 mailing referenced in the *Tutvedt v. Roberts* matter. *See* Ex. 2 to NAGR's complaint in this case. That Sufficiency Decision was sent to the Lewis and Clark County Attorney who has waived his first right of enforcement. This means that the sole enforcement right as to the Sufficiency Decision is now vested with the Office of the Commissioner of Political Practices.

3. Enforcement of a Sufficiency Decision generally proceeds by settlement.

For those Sufficiency Decisions that do not settle the Commissioner must proceed by filing a civil complaint in a Montana State district court.

4. The NAGR Sufficiency Decision will not settle. Accordingly, enforcement of the NAGR Sufficiency Decision will be preserved only by the filing of a timely civil enforcement complaint.

5. At this time, as Commissioner I have not made a decision as to whether to take judicial enforcement action against the National Association for Gun Rights (NAGR) regarding NAGR's 2012 mailing referenced in the *Tutvedt v. Roberts* matter. The Commissioner's Office has a significant backlog of Sufficiency Decisions, a limited budget and a small staff of seven people. The Commissioner must balance the importance of any civil enforcement action against NAGR against the importance of other civil enforcement actions and choose the actions that will result in the most significant policy gains for the people of Montana.

6. The statute of limitations to make a claim against NAGR for the 2012 mailing will run on June 5 2016. *See* Mont. Code Ann. § 13-37-130. It is possible and, even likely, that the Commissioner will forgo litigation with NAGR and instead pursue litigation with other entities and persons involved in 2012 election issues. In the event the Commissioner does not pursue litigation against NAGR judicial enforcement is over and waived because, once the County Attorney

waives enforcement, only the Commissioner has authority to bring an enforcement action based on a Sufficiency Decision. *See* Mont. Code Ann. § 13-37-128.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 11th day of April, 2016.

JONATHAN MOTL