TIMOTHY C. FOX
Montana Attorney General
DALE SCHOWENGERDT
SOLICITOR
MATTHEW T. COCHENOUR
PATRICK M. RISKEN
Assistant Attorneys General
P.O. Box 201401
Helena, MT 59620-1401
Telephone: (406) 444-2026
Facsimile: (406) 444-3549
DaleS@mt.gov
MCochenour2@mt.gov
prisken@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, HELENA DIVISION

| MONTANANS FOR COMMUNITY DEVELOPMENT,<br><br>Plaintiff,<br>v.<br><br>JONATHAN MOTL, in his official capacity as Commissioner of Political Practices, TIMOTHY FOX, in his official capacity as Attorney General for the State of Montana, and LEO GALLAGHER, in his official capacity as Lewis and Clark County Attorney,<br><br>Defendants. | Case No. 6:14-cv-00055<br><br>**DECLARATION OF JONATHAN MOTL IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
|---|---|

I, JONATHAN MOTL, hereby declare as follows:

1. I am the Commissioner of Political Practices (COPP) of the State of Montana, and have been acting in that official capacity since June 2013. The

position of Commissioner of Political Practices is a full-time employment position with the State of Montana. I am also an attorney licensed to practice law in the State of Montana.

2. I submit this Declaration concerning several factual matters related to the Court's considerations in the above matter. The statements and information in this Declaration are based upon my personal knowledge and experience gained in carrying out my responsibilities as Commissioner.

3. Registration and disclosure of expenditures by any group acting as a political committee is important to the public. The office of the COPP receives regular inquiries from voters, candidates, reporters, and academics seeking information regarding who is spending in Montana elections and the specific elections being targeted with that spending.

4. The passage of the Disclose Act (Senate Bill 289) by the 2015 Montana Legislature has further emphasized the importance of reporting, disclosure and transparency. The Disclose Act was passed to address and remedy the problem of so-called "dark money" spending in recent Montana election cycles. "Dark money" is money spent in Montana elections that is not reported or disclosed by the candidate or by the third party entity spending the money.

5. The Disclose Act, along with Rules adopted under the authority of the Act, addressed dark money by adding an additional reporting period, broadening

reportable election expenditures to include all election related independent expenditures made within 90 days of election day, and by requiring electronic reporting of contributions and expenditures. The electronic reporting requirement enhances transparency by making campaign finance reports instantly available to the press and public as well as making the data contained within the reports searchable by key word. The statements and reports filed by political committees are posted on the COPP website where they are fully available for review and use by the press and public.

6.  Staff at the COPP have received hundreds of emails and phone calls concerning the reporting activity required by the Disclose Act, with a significant majority of the comments being in support of increased reporting, disclosure and transparency.

7.  In Montana, political committees come into existence by filing a Statement of Organization (Form C-2) with the COPP. A Form C-2 is required to be filed within five days of the political committee making an expenditure or accepting a contribution related to a Montana election. A Form C-2 requires the listing of the treasurer/contact for the group, a brief description of the committee type and purpose, a list of the names of candidates identified by expenditure and the name and address of the bank used by the political committee. That is the

entire registration process. A Form C-2 can usually be completed in 10 minutes or less. A true and correct copy of Form C-2 is attached hereto as Exhibit A.

8. There are four types of political committees recognized in the Montana: Ballot, Political Party, Incidental and Independent. In addition, Montana accepts reports filed by non-resident political committees, if the information in the non-resident reports meets the timing and disclosure requirements of Montana law.

9. Beginning with the 2016 elections a Montana political committee must electronically file its Form C-2 through the COPP's CERS system. The COPP responds directly to questions and devotes whatever staff time is necessary to assist political committees who need assistance in filling out the Form C-2.

10. An additional requirement of the 2015 Disclose Act is that a political committee report and disclose its "reportable election activity". A political committee makes this report and disclosure of reportable election activity by filing a Form C-6 or Form C-4 with the COPP, in the same manner as filing a Form C-2.

11. Reportable election activity varies according to time, with disclosure required for "support or oppose" election activity (called "election communication") conducted during any time period before the date of the election. For the 90 days preceding election day, reportable election activity expands to include all election activity related to a candidate (including election activity that

does not support or oppose) under a broader definition called "electioneering communication".

12. Montana's registration and reporting system for political committees is a flexible system that provides for streamlined reporting (as little as a single filing) for those political committees involved in limited reportable election activity. Of the four Montana political committees (see ¶ 8 above) there are two types -- independent and incidental -- that are the primary source of independent expenditures in Montana elections.

13. "Incidental committees" draw their regular existence from an on-going business (usually corporate) entity and appear as political committees only in the election cycle in which they make expenditures. An "incidental committee" reports by filing a Form C-2 with the COPP within five days of the date that it makes an expenditure concerning a candidate. If the incidental committee makes a single expenditure then it files a report form (Form C-4) together with the Form C-2 and checks the "initial" and "closing" report boxes, thereby accomplishing registration, reporting and closing in a single filing. If the incidental committee makes multiple expenditures over a period of time it is required to file Form C-4 reports at the times required by law. For most incidental committees that means filing Form C-4 reports on the 35th and 12th day prior to the election date.

14. An incidental committee that does not "close" by filing a single report will almost always close and go out of existence at the end of a campaign year. In 2014 all Montana candidate-focused incidental committees closed after the 2014 election cycle. The first four 2016 incidental committees focused on the 2016 election cycle filed Form C-2 statements at the end of February, 2016, thus coming into existence for the 2016 election year.

15. "Independent Committees," on the other hand, are committees whose primary existence and purpose is focused on involvement in elections. Most independent committees are on-going, filing an updated Form C-2 applicable to the next election cycle and carrying over cash balances from one election cycle to the next.

16. There were 124 "independent committees" in Montana that carried over from the 2014 election cycle into the 2016 election cycle. Each of these committees was required to file a single report for the 2015 calendar (off election) year, even if the committee had "no activity" in the off-year.

17. These off-year reports are easy to file but, in my experience, the political committees tend to forget to file in off election years, only to do so when first required to file a report during the next election year. In 2016 the COPP acted to remind independent committees of their obligation to file because it wanted

independent committees to also address the Form C-2 and campaign finance report requirements triggered by the Disclose Act.

18. The Form C-4 (incidental committees) and Form C-6 (independent committees) require that the political committee disclose receipts and expenditures, including some basic information -- name, address and date; occupation and employer for contributions; and the purpose, by brief description, of the expenditures. If there is an independent expenditure, the ballot issue or candidate that is the subject of the expenditure must be identified. True and accurate copies of Form C-4 and Form C-6 are attached hereto as Exhibits B and C, respectively.

19. It has been our experience that political committees generally do not have problems completing the registration and reporting paperwork since the forms are intended to be and are uncomplicated.

20. In 2016 political committees will need to report and disclose expenses that formerly went unreported as "dark money." This will undoubtedly cause some discussion between the COPP and political committees on the substance of reporting (that is, what must be reported) but it will not substantially change the forms already being used or the time needed to report.

21. The forms, instructions and contact information concerning political committees are available online on the web site for the Montana Commissioner of

Political Practices, in multiple options, with the forms in electronic web-based formats.[1]

22. The COPP posts the reporting deadlines on the website for the Office of the Commissioner of Political Practices, which receives calls frequently. These calls are answered directly and as quickly as possible.

23. It is anticipated that in 2016 at least one-half of political committees will be reporting electronically for the first time. The COPP has devoted staff time to assist political committees in adjusting to electronic filing and is reaching out with early contact to known political committees to ease the transition to electronic filing and to promote understanding of the broader definition of reportable election expenditures.

24. The COPP reporting forms, supplemented by assistance readily provided by COPP staff, have been well received by Montana's political committees and candidates. COPP staff received consistently favorable responses from the people who file statements and reports on behalf of political committees.

25. With the recent exception of independent expenditure reporting (which generally saw reporting errors by political committees), political committees have registered and reported properly with the vast majority of political committees being free of campaign practice complaints. Independent

---

[1] http://politicalpractices.mt.gov/5campaignfinance/politicalcomminfo.mcpx

DECLARATION OF JONATHAN MOTL IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 8

expenditures by political committees first came into common practice in the 2010 through 2014 election cycles, requiring discussion (and eventually the Disclose Act) as to how that election activity should be reported and disclosed.

26. Registration and disclosure of expenditures by any group acting as a political committee is important to the public. The COPP office receives regular inquiries from voters, candidates, reporters, and academics who are trying to determine who is spending in Montana elections and which elections are targeted. After the data from the reports is uploaded it is available for online searches.

27. The COPP does not provide wholesale or unchecked public access to documents in its possession. Instead, it has in place a comprehensive policy protecting files and documents obtained during an investigation. A true and accurate copy of "Office Management Policy No. 2.2, Confidentiality of Investigative Documents" (hereinafter "confidentiality policy") is attached hereto as Exhibit D (previously filed herein as Dkt. 116-1).

28. The confidentiality policy was adopted on April 17, 2007 and has been followed without exception ever since.

29. Public document requests which implicate potentially confidential or private documents or information are handled according to the detailed provisions in sections 8 through 13 of the confidentiality policy.

30. The COPP also applies the confidentiality policy to demands for inspection or production made in civil cases pursuant to the Rules of Civil Procedure, including the rules providing for protective orders.

31. It is my firm belief that disclosure by a political committee provides important information that is used by Montana citizens to educate themselves and others about candidates and how money is being spent to influence elections.

32. I hereby declare under penalty of perjury that the foregoing is true and correct.

DATED this 3rd day of March, 2016.

_____
JONATHAN MOTL

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system. Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated: March 4, 2016          /s/ Matthew T. Cochenour
                              MATTHEW T. COCHENOUR
                              Assistant Attorney General
                              Counsel for Defendants