TIMOTHY C. FOX
Montana Attorney General
J. STUART SEGREST
MATTHEW T. COCHENOUR
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
ssegrest@mt.gov; mcochenour2@mt.gov
Phone: (406) 444-2026

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., <br><br> Plaintiff, <br> v. <br><br> JONATHAN MOTL, in his official capacity as the Commissioner of Political Practices for the State of Montana, *et al.*, <br><br> Defendants. | Case No. CV 16-23-H-DLC <br><br> (Consolidated with CV 16-33-H-DLC) <br><br> **DEFENDANTS' PRELIMINARY PRETRIAL STATEMENT** |

In accordance with this Court's Order and L. R. 16.2(b)(1), Defendants submit the following preliminary pretrial statement:

**(A)   Brief Factual Outline of the Case**

During a local primary election in 2012, Plaintiff National Association for Gun Rights (NAGR) sent out a "slick" mailer, a copy of which is attached as Ex. 1

to its complaint. NAGR asserts that it intends to mail similar election mailers going forward, but will not do so if these hypothetical mailers are deemed "electioneering communication."

NAGR sued the Defendants, challenging the constitutionality of the disclosure requirements associated with Montana's "electioneering communication" definition (Mont. Code Ann. § 13-1-101(15)(a)). NAGR also sought declaratory judgment regarding the 2012 "Tutvedt Mailing" and Montana's vote-reporting provision (Mont. Code Ann. § 13-35-225(3)(a)). Plaintiff Kantorowicz later separately sued challenging the vote-reporting provision, and this Court consolidated the cases.

NAGR and Kantorowicz moved for a preliminary injunction, which this Court denied as to the "electioneering communication" claim and the 2012 mailer claim, and granted as to the vote-reporting provision. Going forward, Plaintiffs have informed Defendants they will focus on the "electioneering communication" claim. The 2012 mailer claim is moot, because the statute of limitations has run. Doc. 18 at 11. And the vote-reporting provision is subject to a preliminary injunction, which the State does not plan to contest.

**(B) Basis for Federal Jurisdiction**

Defendants agree that venue is proper and that jurisdiction exists, as long as the factors relied on by this Court in its standing analysis exist. *See* Doc. 18 at 12-16.

**(C) (D) Factual and Legal Basis for Each Claim for Defense and Legal Authority**

## Counts 1 and 3

As discussed above, Count 1 is moot and Defendants do not plan to further defend Count 3.

## Count 2: Electioneering Communication

NAGR contends that its proposed mailer will constitute pure issue advocacy. This claim is doubtful based on the representative 2012 mailer. Given the "detailed language" criticizing a candidate, and the "unique timing" prior to the primary, it is reasonable to interpret the communication as a call to vote against the candidate. Ex. 2 to Doc. 1; *Human Life of Washington v. Brumsickle*, 624 F.3d 990, 1015 (9th Cir. 2010); *Yamada v. Snipes*, 786 F.3d 1182, 1203 (9th Cir. 2015).

Even if NAGR's proposed communications are deemed issue advocacy, NAGR's argument that issue advocacy is "constitutionally sacrosanct" is "foreclosed by the Supreme Court's opinion in *Citizens United*." *Brumsickle*, 624 F.3d at 1016. The Ninth Circuit has refused to recognize "a bright-line rule distinguishing express and issue advocacy," and thus "reject[s] the contention

that . . . disclosure requirements must be limited to speech that is the functional equivalent of express advocacy." *Brumsickle*, 624 F.3d at 1016 (quoting *Citizens United v. FEC*, 558 U.S. 310 369 (2010)).

The "electioneering communication" provision and reporting requirements are analyzed under exacting scrutiny. Depending on the amount of political involvement, an entity in Montana making an "electioneering communication" may only have to register as an "incidental committee," which imposes a minimal burden. *See* Mont. Code Ann. § 13-1-101(22); Doc. 18 at 17-18. In addition the disclosure requirements increase as the election nears. Doc. 18 at 19. This narrowly tailored, sliding-scale approach meets exacting scrutiny. *Brumsickle*, 624 F.3d at 1013.

**(E)    Computation of Damages**

No party has requested damages.

**(F)    Pendency or Disposition of any Related State or Federal Proceedings**

As this Court is aware, *Montanans for Community Development v. Motl*, CV 14-55-H-DLC, involves a challenge to Montana's "electioneering communication" reporting requirements.

**(G)    Proposed Stipulated Facts**

1.    The 2012 "Tutvedt Mailing" is representative of the type of mailing NAGR may distribute during a future election.

2. A person or group that engages in "electioneering communication" may only have to register as an "incidental committee." Mont. Code Ann. §§ 13-1-101(15)(a), (22).

3. For a communication to fall within the "electioneering communication" criteria, it must occur within 90 days of an election day. Mont. Admin. R. 44.11.605(2); COPP-2016-AO-005 at 3.

4. Montana's disclosure and reporting requirements increase as the political activity of a group increases and as an election nears. Doc. 14-2.

5. A group's classification is determined when a "Statement of Organization" (Form C-2) is filed, a form that usually takes "10 minutes or less" to complete. Doc. 14-2 at 4-5.

6. A Form C-2 requires disclosure of a group's "treasurer/contact[,] a brief description of the committee type and purpose, a list of the names of candidates identified by expenditure and the name and address of the bank used by the political committee." *Id.* at 3.

7. A group qualifying as an "incidental committee" must also fill out a Form C-4.

8. A form C-4 requires disclosure of "receipts and expenditures, including some basic information--name, address and date; occupation and

employer for contributions; and the purpose, by brief description, of the expenditures." *Id.* at 7.

9. An incidental committee that makes a single expenditure may, in a single filing, accomplish registration, reporting and closing by filing a Form C-4 together with a Form C-2 and checking the "initial" and "closing" boxes. *Id.* at 5.

10. These forms are readily accessible on the website of the Montana Commissioner of Political Practices.

**(H) Date to Amend Pleadings**

The parties have agreed to November 21, 2016 as the deadline to join additional parties and amend pleadings.

**(I)   Issues of Law Suitable for Pretrial Disposition**

Defendants anticipate that this entire case will be resolved on summary judgment, without need for trial.

**(J)   Individuals Known or Believed to Have Information**

1. Montana state Senator Bruce Tutvedt
   2335 W. Valley Dr.
   Kalispell, MT 59901-6958
   Phone: (406)253-9732

2. Jonathan Motl or subsequent Commissioner (can be contacted through defense counsel)

**(K)   Insurance that May Cover a Judgment**

None.

**(L) Status of Any Settlement or Prospects for Compromise**

None currently regarding the "electioneering communication" challenge. The parties agree that the statute of limitations has run on the 2012 Tutvedt Mailing. Defendants do not plan to further defend the constitutionality of the vote-reporting provision.

**(M) Suitability for Special Procedures**

Defendants are not aware of any special procedures suitable to this case.

Respectfully submitted this 18th day of October 2016.

        TIMOTHY C. FOX
        Montana Attorney General
        215 North Sanders
        P.O. Box 201401
        Helena, MT 59620-1401

        By: */s/ J. Stuart Segrest*
            J. STUART SEGREST
            Assistant Attorney General
            Counsel for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.

Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:   October 18, 2016              */s/  J. Stuart Segrest*
                                                                J. STUART SEGREST
                                                                Assistant Attorney General
                                                                Counsel for Defendant