COMMISSIONER OF
POLITICAL PRACTICES

# STATE OF MONTANA



JONATHAN MOTL
COMMISSIONER
TELEPHONE (406) 444-2942
FAX (406) 444-1643

1209 EIGHTH AVENUE
P.O. BOX 202401
HELENA, MT 59620-2401
www.politicalpractices.mt.gov

February 29, 2016

Claudia A. Clifford, Advocacy Director
AARP Montana
30 West 14th St, Ste 301
Helena, MT  59601
cclifford@aarp.org

      COPP-2016-AO-005
      Re: Requirement to Register, Report, and Disclose Electioneering Communications

Dear Ms. Clifford,

    I write in response to your inquiry of February 15, 2016 requesting the Commissioner of Political Practices' (COPP) advisory opinion regarding reporting and disclosure of certain election activity with our offices. You raised the following issue and offered the following facts to assist the COPP in preparing the Advisory Opinion:

> "AARP Montana plans to produce an on-line voter guide on the gubernatorial race. Candidates are asked to write out their positions on a number of issues. AARP's position on the issue is stated in the voter guide alongside of the candidate's responses. If a candidate does not respond after numerous requests, we will state in the guide that they failed or refused to respond. AARP does not endorse a candidate and the guide will state that clearly. We will post the guide on-line for the general public and members to view.
>
> Given that we do not endorse a candidate or in any way tell voters who to support, does creating and posting this on-line voter guide require that we register or report to your office?"

## ADVISORY OPINION

    The Commissioner is limited to issuing an advisory opinion that addresses "the applicability of a rule or statute administered by the Commissioner."  44.11.102 ARM.

## SHORT ANSWER

Based on the facts provided, the AARP should register and report the expenditure for their gubernatorial voter guide with the COPP as an electioneering communication.

# DISCUSSION

The Disclose Act passed by the 2015 Legislature of Montana requires entities who engage in electioneering communications to register, report and disclose to the people of Montana with the COPP.

As applied to the facts you provided, the entity, called a political committee, is formed when " a person other than an individual receives a contribution or makes an expenditure...to prepare or disseminate an election communication, an electioneering communication or an independent expenditure", Mont. Code Ann. § 13-1-101(30)(a)(iii). However, for entities that do not make aggregate expenditures of $250 or more, a political committee is not formed, Mont. Code Ann. § 13-1-101(30)(d).

Certain elements in the facts provided by the AARP push towards consideration of the gubernatorial voter guide as an election communication and/or an electioneering communication. Since the facts provided indicate that the AARP's online voter guide is at least an electioneering communication, the elements which indicate that conclusion are discussed below. Specifically, an electioneering communication is:

> a <u>paid communication</u> that is publicly distributed by...internet website...that is made <u>within 60 days</u> of the initiation of voting in an election, that <u>does not support or oppose</u> a candidate....that can be received by more than 100 <u>recipients in the district</u> voting on the candidate...and that...refers to one or more <u>clearly identified candidates</u> in that election.

Mont. Code Ann. § 13-1-101(15)(a)(i).

The underlined portions of the statute above are elements for consideration in determining whether a communication is a reportable election activity. In an effort to explain the application of this new law and the implementing rule, the COPP will walk the AARP and other members of the public reviewing this Advisory Opinion through each portion of the electioneering communication definition as applied to the facts provided by the AARP.

**Electioneering Communication Elements:**

### 1. "Paid Communication"

Previously, the COPP issued an advisory opinion[1] regarding the use of websites as a reportable election activity: "The costs and services associated with website development must be reported as a campaign expenditure," *id.* p. 3. For example, there are expenditures made by AARP for maintaining and building the webpage, researching and developing the AARP's position on the issue, designing the content of the webpage, outreach to the candidates for their responses, and then finalizing and publishing the webpage. As applied to the facts you provided there will be costs for staff time and expenses that will most likely be in excess of $250 incurred by the AARP and it will be a "paid communication."

---

1 *see Boyles/Electronic Campaigns*, COPP-2014-AO-003
http://www.politicalpractices.mt.gov/content/5campaignfinance/BoylesElectronicCampaignsAdvisoryOpinion

Therefore, under the facts provided, the voter guide will most likely meet this element of being an electioneering communication.

### 2. "Within 60 Days"

Electioneering communications are distributed to the public by various means "made within 60 days of the initiation of voting in an election," Mont. Code Ann. § 13-1-101(15)(a). This past summer, the COPP clarified by rule when the clock begins to tick on electioneering communication reporting: "Initiation of voting occurs when absentee ballot packets are mailed to or otherwise delivered to qualified electors," Mont. Admin. R. 44.11.605(2)(b).

According to the Montana Secretary of State's (SOS) website[2] the deadline for mailing ballots to absentee voters for the primary election is on May 13, 2016, and for the general election on October 14, 2016. Applying the law to the dates on which the SOS will mail absentee ballots, the electioneering communication period for the primary election is March 15, 2016 through June 7, 2016, and for the general election is August 16, 2016 through November 8, 2016. During this time frame any communication which also fits the rest of the electioneering communication elements will have to be reported and disclosed to the people of Montana through the COPP. Therefore, under the facts provided, the voter guide will most likely meet this element of being an electioneering communication.

### 3. "Does Not Support or Oppose"

Here is the portion of the new law which is at the heart of the Disclose Act as passed by the 2015 Montana Legislature. As explained by the primary sponsor, Sen. Duane Ankney: "Things that look like you are trying to influence an election, when done right before an election, have to be disclosed too."[3]

The ongoing conversation for many years in campaign finance reporting and disclosure has concerned whether or not a particular communication "expressly advocates" a position on a candidate or issue and must be attributed, reported and disclosed versus whether the communication is merely "issue advocacy" which did not require attribution, reporting or disclosure.[4] In passing the Disclose Act, the Legislature moved to end the discussion. Now, anything which meets the elements of an electioneering communication, whether or not it supports or opposes a candidate or issue, when made within 90 days of an election must be reported and disclosed to the people of Montana. Therefore, under the facts provided, the voter guide meets this element of an electioneering communication, in that it does not does not support or oppose a candidate.

### 4. "Recipients in the District"

Electioneering communications are reportable election activity which "can be

---

[2] http://sos.mt.gov/Elections/documents/Federal-Election-Calendar.pdf
[3] Written comment provided by Sen. Duane Ankney during the rulemaking process.
[4] For an extensive discussion of the development of the "support or oppose" issue in Montana *see* http://www.politicalpractices.mt.gov/content/2recentdecisions/BonogofskyvNationalGunOwnersAllianceDecision

received by more than 100 recipients in the district voting on the candidate," Mont. Code Ann. § 13-1-101(15)(a). In a statewide race for office, like the gubernatorial race, the voting district is the State of Montana. It is important to note that there is an exception to the requirement to register, report and disclose communications with the COPP: when the recipients of the communication are targeted to an organization's membership, Mont. Code Ann. § 13-1-101(15)(b)(ii). Here the facts submitted by the AARP do not indicate that it will limit the recipient list for its gubernatorial voter guide to its membership, instead making the guide publicly available on the AARP's website which could be received by more than 100 Montanans. Therefore, under the facts provided, the voter guide meets this element of being an electioneering communication.

### 5. "Clearly Identified Candidate"

The AARP's proposed gubernatorial voter guide will include a reference to candidates, and at least the name of clearly identified gubernatorial candidates in the 2016 election. Therefore, under the facts provided, the voter guide meets this element of an electioneering communication.

**Further Considerations**

In order to not support or oppose any particular candidate, the AARP should seek the input of all candidates for the office[5]. In addition, in order to avoid potential coordination with the candidate, the candidate's responses should be included verbatim in the voting guide. Finally, the wording used by the AARP on whether or not a particular candidate choses to respond should be carefully chosen so as not to indicate support of or opposition to the candidate.

The AARP and others should be mindful of other requirements of the Disclose Act regarding election and electioneering communications. Any electioneering communication must contain an attribution as provided by Mont. Code Ann. § 13-35-225 and Mont. Admin. R. 44.11.601. A political committee, regardless of type, must report and disclose contributions received or solicited, of $35 or more to that are to be used for a specific candidate, ballot issue or for other reportable election activity, Mont. Code Ann. § 13-37-232(4) and Mont. Admin. R. 44.11.202. Additionally, any political committee formed should be mindful of the registration, reporting and disclosure requirements of Montana's Campaign Practices Act, Title 13, Chapters 35 and 37 Montana Code Annotated as a whole.

Finally, during the consideration of the requirements of the Disclose Act, both by the legislature in passing the law and the COPP in adopting the accompanying administrative rules, many organizations expressed concerns over being required to report and disclose and how that would affect its tax status. The Disclose Act specifically sets out that persons are required to report and disclose regardless of their tax status, Mont. Code Ann. § 13-37-233.

In an effort to assist committees with reporting contributions or expenditures on

---

[5] As of February 29, 2016 no candidate has filed with the Secretary of State to run for the governor's office. As of February 19, 2016, the COPP has received a Statement of Candidate from the following individuals: Steve Bullock, Casey Filler, Greg Gianforte, Mark Perea, Ronald Vandevender and Christopher Zarcone.

electioneering communications, the COPP adopted a rule allowing the committee to ask for a letter about the reporting or disclosure required by Montana law, Mont. Admin. R. 44.11.605(6). Further the rule includes a COPP requirement to provide adapted reporting forms to allow reporting without indicating support of or opposition to candidates or issues, Mont. Admin. R. 44.11.605(8).

Presently, when a committee registers with the COPP by filing a Statement of Organization, in the CERS system under "Purpose of Committee and/or Names of Candidates or Ballot Issues," the committee can select "other" as its position on an issue or candidate. Further, when reporting or disclosing its expenditure on the appropriate finance report, the committee may indicate under "purpose" of the expenditure that it has determined the communication is "informational" or "non-partisan."

## CONCLUSION

Based on the facts provided by the AARP, its proposed online gubernatorial voter guide could be either an election or electioneering communication as it contains elements of both. Without determining which type of election activity the voter guide actually is, walking through the electioneering communication elements highlights the distinction. The COPP appreciates the opportunity the AARP has provided to clarify the application of facts to an electioneering communication's legal elements prior to the commencement of the 2016 election cycle.

## LIMITATIONS ON ADVISORY OPINION

This letter is an advisory opinion based on the specific written facts and questions as presented above. This advisory opinion may be superseded, amended, or overruled by subsequent opinions or decisions of the Commissioner of Political Practices or changes in applicable statutes or rules. This advisory opinion is not a waiver of any power or authority the Commissioner of Political Practices has to investigate and prosecute alleged violations of the Montana laws and rules over which the Commissioner has jurisdiction, including alleged violations involving all or some of the matters discussed above.

Sincerely,

Jaime MacNaughton
Attorney for the
Commissioner of Political Practices

I agree with this Advisory Opinion and afford it the full weight of the Commissioner's authority.

DATED 29th day of February, 2016.

Jonathan R. Motl
Commissioner of Political Practices