BEFORE THE COMMISSIONER OF
POLITICAL PRACTICES OF THE STATE OF MONTANA

| | |
|---|---|
| Skokos v. Americans for Prosperity<br><br>No. COPP 2016-CFP-025 | DISMISSAL OF COMPLAINT |

On September 6, 2016, Billings resident Scott Skokos filed a complaint with the Office of the Commissioner of Political Practices (COPP) against Americans for Prosperity, a national entity with a Montana office located in Bozeman, Montana.

**SUBSTANTIVE ISSUES ADDRESSED**

The substantive area of campaign finance reporting and disclosure law addressed by this Decision is the date that reporting and disclosure obligations begin as to campaign related documents that become electioneering communication documents.

**DISCUSSION**

The Complaint identifies two glossy postcards received by members of the family of the Complainant. The postcards were attributed as "Paid for by Americans for Prosperity" of Bozeman, Montana.

Finding of Fact 1: Americans for Prosperity (AFP) is a "national organization based in Washington, D.C., with staff on the ground in state chapters across the nation." Montana has a state chapter of AFP located in Bozeman, Montana. (Americans for Prosperity-Montana Website.)

Finding of Fact 2: In the 2012 election cycle AFP registered and reported as a Montana political committee. AFP did not register or report as a political committee in Montana's 2014 election cycle and it has not registered or reported in Montana's 2016 election cycle (COPP records.)

One AFP postcard concerned actions taken by "Senator Robyn Driscoll." The other AFP postcard concerned actions taken by "Governor Bullock."

Finding of Fact 3: Robyn Driscoll is a Montana public official serving as a Senator elected from Senate District 25 (SD 25). Ms. Driscoll is running for reelection to this seat in Montana's 2016 general election. (Montana Secretary of State (SOS) website.)

Finding of Fact 4: Steve Bullock is a Montana public official, serving as the elected Governor of the State of Montana. Mr. Bullock is running for reelection as Governor in Montana's 2016 general election. (SOS website.)

Finding of Fact 5: The AFP glossy postcard naming Senator Robyn Driscoll grades her votes on three issue areas as an "F" on the "Montana Freedom Scorecard" and urges a reader of the postcard to "call" Senator Driscoll. The postcard does not mention the SD 25 election or urge a vote against Senator Driscoll. (COPP records.)

>Finding of Fact 6: The AFP glossy postcard naming Governor Bullock impugns his actions of "reckless spending" and provides a phone number at which the reader of the postcard can "tell Governor Bullock" that they want fiscal responsibility. The postcard does not mention the election of Governor or urge a vote against Governor Bullock. (COPP Records.)

The postcards discussed above are examined in the context of "issue advocacy" versus "express advocacy." This is a necessary examination under decisions made by the US Supreme Court over the past decade. The distinction between issue and express advocacy, and the legal reasoning supporting the distinction, was discussed at length in *Dick v. Republican State Leadership Committee*, COPP-2012-CFP-038 (Commissioner Motl). The Commissioner adopts the reasoning of that Decision (hereby incorporating the Decision by reference) and notes that the same legal standards and analysis apply here. Therefore, the Commissioner determines that the Driscoll and Bullock AFP postcards are issue advocacy and not express advocacy.

Having made an initial determination of issue advocacy, the Commissioner turns to the issue of reporting and disclosure. In general, Montana law requires reporting and disclosures of election expenditures that "support or oppose a candidate." §13-1-101(17)(a)(i), MCA.[1] The Driscoll and Bullock AFP postcards are not expenditures supporting or opposing a candidate (FOF Nos. 5 & 6) and therefore do not need to be reported or

---

[1] A statement of support or opposition shows express advocacy.

*Skokes v. AFP*
Page 3 of 6

disclosed as an election expenditure. Instead, the postcards are issue advocacy as they focus on a public official and urge action on an issue.

Montana law,[2] however, also requires pre-election disclosure of "electioneering communication." Electioneering communication includes a paid communication that does not support or oppose a candidate but is distributed by mail "within 60 days of initiation of voting in an election" and identifies a candidate in an election. §13-1-101(15)(a)(i)-(ii), MCA. The Commissioner determines that the AFP Bullock and Driscoll postcards would qualify as paid electioneering communication requiring reporting and disclosure (FOF Nos. 5 & 6) **if** the postcards fall within the 60 day pre-election period.

> Finding of Fact 7: The AFP glossy postcard naming Senator Robyn Driscoll was mailed as follows: 3,525 postcards were mailed on August 12, 2016 out of Denver, Colorado by a mail house known as WIZBANG SO. (COPP records.)
>
> Finding of Fact 8: The AFP glossy postcard naming Governor Bullock was mailed as follows: 51,540 postcards were mailed on August 12, 2016 out of Denver, Colorado by a mail house known as WIZBANG SO. (COPP Records.)
>
> Finding of Fact 9: The complainant recalls receiving the postcards in the mail between August 18 and August 20, 2016. (Investigator notes.)

---

[2] Through the Disclose Act, passed by the 2015 Montana legislature.

The electioneering communication 60-day-pre-election reporting period is measured from the date of the start of absentee voting in Montana. The COPP has determined that the electioneering communication reporting date beings on August 16, 2016 for Montana's 2016 elections.[3] The AFP glossy postcards were mailed before August 16, 2016 (FOF Nos. 7 & 8) but received after August 16th (FOF No. 9).

AFP has not registered as a political committee, nor has it reported and disclosed any 2016 election related activity (FOF No. 2). AFP insists that it does not need to register or report because it carried out its issue advocacy early enough that it did not trigger electioneering communication status under Montana law. Specifically, AFP insists that mailing before the 60 day electioneering communication deadline places it outside of electioneering communication reporting and disclosure requirements.

The facts of this case demonstrate that four days before the 60-day electioneering communication deadline AFP arranged a mailing that delivered the AFP postcards into homes in a reasonable (a week or less) amount of time. Under these facts, the Commissioner agrees with AFP. The Commissioner therefore recognizes and uses the mail house mailing date, thereby determining that the AFP postcard activity occurred before August 16, 2016 such that the postcards were not electioneering communications. In so determining the

---

[3] *See* COPP Advisory Opinion: COPP-2016-AO-005 at p. 3 (February 29, 2016), listing the August 16, 2016 date. The Opinion is posted for public review on the COPP homepage.

Commissioner notes that use of the mail house date provides a definitive date that does not depend on the vagaries of third party action.[4]

Accordingly, the Commissioner dismisses this Complaint. In dismissing the Complaint the Commissioner thanks the Complainant for bringing this issue for review so that guidance could be provided for future activity.

DATED this 14th day of September, 2016.

Jonathan R. Motl
Commissioner of Political Practices
Of the State of Montana
P.O. Box 202401
1205 8th Avenue
Helena, MT 59620

---

[4] This Decision is limited by its facts. Should AFP or any such entity use a mailhouse or system that did not deliver the postcards within a reasonable amount of time then the reasoning of this Decision would not apply.