UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., | Case No. CV 16-00023-H-DLC |
|---|---|
| Plaintiff, v. | **DECLARATION OF JONATHAN MOTL** |
| JONATHAN MOTL, in his official capacity as the Commissioner of Political Practices for the State of Montana, *et al.*, | |
| Defendants. | |

JONATHAN MOTL hereby declares under oath as follows:

1. I am the Commissioner of Political Practices of the State of Montana.

2. I provided the "within 90-days of an election day" time period for "electioneering communications," as stated in Defendants' preliminary injunction response, Doc. 14 at 9-10, because I understood that to be the outside range of when the mailing of general absentee ballots may occur based on the Montana Secretary of State's calendar. For example, see the the pre-2015 general absentee ballot deadline of 30 days prior to the election.

*See* Mont. Code Ann. § 13-13-205(1)(a) (2013). For most elections the electioneering communication time period will be 85 days from election day, as I described in my previous declaration, Doc. 33.

3. An incidental committee that engages in an "electioneering communication" need only report contributions if the contribution is "earmarked" for a "specified candidate," or if the contribution was provided in response to a solicitation for contributions for the electioneering communication. Mont. Code Ann. § 13-37-232(4).

4. A contribution is provided in response to a solicitation for an electioneering communication, and therefore reportable under Mont. Code Ann. § 13-37-232(4), if the contribution is "made with the express, implied, oral, written, direct, or indirect designation or instruction, that all or part of it be transferred to or expended on behalf of" the particular electioneering communication. *See* Mont. Admin. R. 44.11.404 (defining "earmarked contribution").

5. This simple requirement regarding earmarked contributions is well understood and has been properly reported by Montana incidental committees during my time as Commissioner, including for electioneering communications.

6. As to the requirements listed by NAGR at pages 10-11 of its response brief, Doc. 38, these requirements are all covered in a Form C-2, which takes about ten minutes to complete.

7. A corporation, such as NAGR, need not appoint a new treasurer or establish a separate bank account, but may simply list its existing treasurer and the bank it already uses. *See* Ex. 1.

8. If an incidental committee engages in a single expenditure, or closely timed group of expenditures (those in a single reporting period), then it can register, report, disclose and close its political committee existence and reporting obligations in a single filing (by filing a Form C-2 and C-4 together, a total of five pages). These forms are short and simple to complete. *See* attached example at Ex. 1.

9. Most incidental committees open and close within the same reporting period with a single filing. See attached as Exhibit 2

the list of 2016 incidental committee reports (75 of 121 incidental committees "Closed").

10. If multiple expenditures are made over more than one reporting period, then a committee need only file an additional Form C-4 for each additional expenditure in a subsequent reporting period.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing it true and correct.

Dated this 30th day of March, 2017.

_____
JONATHAN MOTL