Matthew G. Monforton (Montana Bar # 5245)
Monforton Law Offices, PLLC
32 Kelly Court
Bozeman, Montana 59718
Telephone: (406) 570-2949
Facsimile: (406) 551-6919
Email: matthewmonforton@yahoo.com

David A. Warrington
LeClairRyan, A Professional Corporation
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
Telephone: (703) 647-5926
Facsimile: (703) 647-5966
Email: david.warrington@leclairryan
(Appearing *Pro Hac Vice*)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, INC., | Case No. CV 16-0023-H-DLC |
| Plaintiff, | BRIEF IN SUPPORT OF MOTION FOR ATTORNEY'S FEES |
| JEFF MANGAN, in his official Capacity as the Commissioner of Political Practices for the State of Montana; TIMOTHY C. FOX, in his Official capacity as Attorney General For the State of Montana; LEO GALLAGHER, in his official capacity as County Attorney for the County of Lewis & Clark, | |
| Defendants. | |

# INTRODUCTION

Plaintiff National Association For Gun Rights (NAGR) hereby moves this Court for an award of reasonable costs and fees pursuant to 42 U.S.C. § 1988.  As explained below, NAGR prevailed with regard to the majority of its claims.  NAGR is also including with this motion timesheets from its attorneys as well as a declaration from Jon Metropoulos, NAGR's fee expert, who opines upon the reasonable billing rates for NAGR's attorneys.  (Exhibit 3).

# PROCEDURAL HISTORY

On January 14, 2016, Montana's Commissioner of Political Practices issued an administrative decision (hereinafter, the "Decision") detailing his findings of violations of Montana campaign finance law allegedly committed by NAGR and others.  Doc. 1 at 22-51.  The Commissioner declared that NAGR and other groups "failed to meet Montana campaign practice law and standards by failing to register, report and disclose or by directly or through agency engaging in illegal corporate contributions for or against a SD 3 Republican primary election candidate."  Doc. 1 at 33.  Moreover, "the amount of coordinated corporate resources [was] substantial."  Doc. 1 at 35.

The Commissioner concluded the Decision by proclaiming that "[t]here can be no excuse for instances of failing to attribute, report and disclose, or for

acceptance of or spending of corporate in-kind contributions, such as are involved in this matter." Doc. 1 at 48. Such "[c]ampaign practice violations, of the nature and scope encountered in this Matter, are new to the modern era Montana politics." Doc. 1 at 49. Moreover, "[u]ntil the recent litigation…Commissioners have rarely found it necessary to seek the full legal redress allowed by Montana law against a candidate or treasurer." *Id.* at 50. The acts allegedly committed by NAGR and others were ones "justifying civil prosecution…." Doc. 1 at 49.

On March 18, 2016, NAGR filed a complaint in this Court containing three claims for relief. In its First Claim, NAGR sought to enjoin the Commissioner from civilly prosecuting NAGR. Doc. 1 at 12-14.

In its Second Claim, NAGR challenged the constitutionality of the "electioneering" provision of Montana's Disclose Act. Doc. 1 at 14-15. That provision requires groups such as NAGR to report as independent expenditures any statement made during a campaign that merely included the name of a candidate for office. § 13-1-101(15)(a), MCA.

In its Third Claim, NAGR challenged the constitutionality of § 13-35-225(3)(a), MCA, another statutory provision added by the Disclose Act. Doc. 1 at 16-17. This provision, commonly known as the Compelled-Vote-Reporting rule, required any printed election material that contained information about a candidate's voting record to also include the following:

3

> (i) a reference to the particular vote or votes upon which the information is based; (ii) a disclosure of all votes made by the candidate on the same legislative bill or enactment; and (iii) a statement, signed as provided in subsection (3)(b), that to the best of the signer's knowledge, the statements made about the other candidate's voting record are accurate and true.

Doc. 1 at 16.

NAGR filed a motion for a preliminary injunction on March 29, 2016. Doc. 4. The State filed a response, Doc. 14, and NAGR filed a reply. Doc. 15.

The Court heard argument on May 3, 2016, and issued a ruling three weeks later granting relief on NAGR's Third Claim and enjoining enforcement of the Compelled-Vote-Reporting rule. Doc. 18 at 20-27. Noting that the statute of limitations for a civil prosecution of NAGR would run in a matter of weeks, the Court denied NAGR's First Claim *without* prejudice. Doc. 18 at 11. The Court also denied NAGR's Second Claim. Doc. 18 at 20.

After the Court ruled upon the preliminary injunction motion, it conducted a preliminary pretrial conference on October 25, 2016. The parties told the Court that the case was unlikely to go to trial and could instead be resolved on summary judgment motions. Doc. 23. NAGR kept litigation costs to a minimum by declining to conduct discovery and waiving oral argument on its summary judgment motion. Doc. 42.

The Court ruled on the summary judgment motions on September 6, 2017, and issued an order mirroring its ruling on NAGR's preliminary injunction motion.

Doc. 44. The Court entered judgment in this matter on December 18, 2017. Doc. 47. NAGR intends to appeal with regard to its Second Claim for Relief and now seeks reasonable fees and costs regarding its First and Third Claims.

## ARGUMENT

Title 42 U.S.C. § 1988(b) provides, in pertinent part, "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title . . ., the court, in its discretion may allow the prevailing party . . . , a reasonable attorney's fee as a part of the costs." A party "prevails" for purposes of § 1988 if it "succeed[s] on any significant issue in litigation which achieves some benefit the parties sought in bringing suit," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), or obtains relief that "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Higher Taste, Inc. v. City of Tacoma,* 717 F.3d 712, 715 (9th Cir. 2013) (citations omitted). "Judicial imprimatur can come in the form of an enforceable judgment on the merits or a court-ordered consent decree …but those are not the exclusive means of satisfying the requirement." *Id.*

Although the statutory language contained in § 1988 appears to make fee awards discretionary, the Supreme Court has held that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render an award unjust." *Hensley*, 461 U.S. at 429; see also *Jankey v. Poop Deck*,

5

537 F.3d 1122, 1130 (9th Cir. 2008) ("[t]he Supreme Court has explained that in civil rights cases, the district court's discretion is limited"); *Burt v. Hennessey*, 929 F.2d 457, 458 (9th Cir.1991) ("[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court"); *Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989) (in civil rights cases, "fee awards should be the rule rather than the exception."). Fees are appropriate even when a plaintiff does not prevail on every claim. *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052-53 (9th Cir. 1991) ("even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims" because "rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war.").

NAGR filed suit under § 1983 to prevent deprivation of its First Amendment rights of political speech and association during election campaigns. Doc. 1. As explained below, NAGR was substantially successful in this litigation and is therefore entitled to an award reflecting that success.

## I.   NAGR OBTAINED SUBSTANTIAL SUCCESS IN THIS ACTION

### A.   NAGR Prevailed on Its Third Claim For Relief

This Court granted NAGR's Third Claim for Relief and enjoined enforcement by the State of the Compelled-Vote-Reporting rule. Doc. 18 at 20-27. This statute would have imposed unnecessary, expensive, and absurd verification requirements upon NAGR and other speakers simply for criticizing the voting records of candidates. NAGR succeeded entirely with regard to its Third Claim. This success, standing alone, warrants a fee award.

### B.   NAGR's Litigation of Its First Claim For Relief Resulted in the State Foregoing An Unconstitutional Civil Prosecution

NAGR's First Claim For Relief was necessitated by the State's threat to civilly prosecute NAGR for campaign finance violations NAGR never committed. In his January 2016 Decision, former Commissioner Jonathan Motl branded NAGR as a group that "failed to meet Montana campaign practice law and standards by failing to register, report and disclose or by directly or through agency engaging in illegal corporate contributions for or against a SD 3 Republican primary election candidate." Moreover, "the amount of coordinated corporate resources [was] substantial." Doc. 1 at 35.

Commissioner Motl made clear that he would throw the book at NAGR and

its alleged co-conspirators. He declared that "[t]here can be no excuse for instances of failing to attribute, report and disclose, or for acceptance of or spending of corporate in-kind contributions, such as are involved in this matter." Doc. 1 at 48. Such "[c]ampaign practice violations, of the nature and scope encountered in this Matter, are new to the modern era Montana politics." Doc. 1 at 49. This was especially true in light of the fact that "[u]ntil the recent litigation … Commissioners have rarely found it necessary to seek the full legal redress allowed by Montana law against a candidate or treasurer." Doc. 1 at 50. The acts purported committed by NAGR and others were ones "justifying civil prosecution…." Doc. 1 at 49.

NAGR, however, did not violate Montana campaign finance law in any manner during the 2012 election cycle. As demonstrated in its briefing to this Court, NAGR's mailings in Montana consisted entirely of issue advocacy which, under Montana law as it existed in 2012, was not subject to regulation. Doc. 4.

After NAGR filed suit in this Court and explained that it had not violated the law, the State backed down. Former Commissioner Motl declared he "had not made a decision as to whether to take judicial enforcement action against [NAGR]" because, alas, his office was backlogged, budgets were tight, and staffs were small. Doc. 14-1 at ¶ 5. The State did not explain why NAGR's 2012 mailers constituted express advocacy that would have been subject to Montana's

then-existing campaign finance laws.

In its order issued on May 23, 2016, the Court noted that the statute of limitations for the State to civilly prosecute NAGR would run within two weeks and therefore denied without prejudice NAGR's request for relief regarding its First Claim For Relief. Doc. 18 at 11. The State did not follow through on its earlier threats to proceed against NAGR and, subsequently, the statute of limitations ran in June 2016. Thus, no ruling on the merits was ever needed with regard to the First Claim for Relief.

Thus, while the Court understandably denied NAGR's First Claim For Relief without prejudice, the reason the State never followed through on its threat to prosecute NAGR can be attributed to NAGR's litigation in this matter. The State threated in January 2016 to punish NAGR for speech that was fully protected by the First Amendment. After NAGR sought relief in First Claim For Relief to prevent this, the State retreated. NAGR is therefore entitled to fees it incurred in advancing its First Claim For Relief.

## II    NAGR IS ENTITLED TO REASONABLE FEES & COSTS

Courts generally utilize the "lodestar" method to determine reasonable attorneys' fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). The lodestar is calculated by multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."

*Id.* The lodestar figure is presumed to represent a reasonable fee. *Id.*

### A. NAGR's Hours Are Well-Documented and Have Been Sharply Reduced

The "reasonable" amount of hours for which a plaintiff's attorneys should be compensated equals "the number of hours which could have been billed to a private client." *Gonzalez,* 729 F.3d at 1202, quoting *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir. 2008). When a plaintiff achieves partial success, a court may award fees based upon the percentage of claims upon which the plaintiff succeeded. See, *e.g., Schwarz v. Secretary of Health and Human Services*, 73 F.3d 895, 899-900 (9th Cir. 1995) (plaintiff who succeeded on 25% of his claims was entitled to an award based upon 25% of the hours billed by his attorneys).

NAGR's attorneys have presented detailed time records reflecting the hours they devoted to this matter. See Monforton Decl. (Exhibit 1); Warrington Decl., (Exhibit 2). All of the hours reflected in those records are ones that could properly be billed to a private client.

Because NAGR did not achieve complete success, its attorneys have significantly cut the number of hours for which they are requesting fees. This Court denied NAGR's request for relief with regard to its Second Claim For Relief. While NAGR respectfully disagrees and will appeal that portion of the ruling, it acknowledges that it is not entitled (at least for now) to fees for work

performed on that claim.

For many of the entries on the attorneys' timesheets, it would be difficult to apportion the amount devoted to the Second Claim rather than the First and Third Claims. NAGR is therefore reducing by 33% the hours recorded by Matthew Monforton reflecting NAGR's success on 2 of its 3 claims. NAGR is reducing by 75% the number of hours recorded by David Warrington in light of the fact that he did not participate in this action until after the Court ruled upon the initial round of motions in May 2016, and did not perform any work on the First Claim For Relief. Additionally, NAGR is cutting entirely from its fee request hours billed by Paris Sorrell (a total of 30.8 hours), an associate in Mr. Warrington's firm.

B. NAGR's Attorneys' Requested Billing Rates Are Reasonable

In determining a reasonable billing rate for a prevailing plaintiff's attorneys, the Court should look to "the prevailing market rates in the relevant community." *Gonzalez*, 729 F.3d at 1205, quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). The "relevant community," in turn, means "the forum in which the district court sits." *Id*., quoting *Prison Legal News v. Schwarzennegger*, 608 F.3d 446, 454 (9th Cir. 2010). "Within this geographic community, the district court should take into consideration the experience, skill, and reputation of the attorney." *Id*. at 1205-06, quoting *Dang*, 422 F.3d at 813.

NAGR has submitted a declaration from Jon Metropoulos, a Montana attorney with nearly 30 years of experience practicing in Montana courts. This Court has previously relied upon opinions from Mr. Metropoulos to determine appropriate billing rates. See, *e.g., Monforton v. Motl*, Case No. 6:14-cv-0002-DLC, Doc. 34; *id.*, Doc. 43, at 8-9.

Mr. Monforton has been practicing for 23 years. Monforton Decl. ¶ 2. He has devoted much of the past six years of his practice to First Amendment cases in general and campaign finance matters in particular. *Id.* ¶ 3. Mr. Metropoulos has opined that an appropriate billing rate for Mr. Monforton is $290 per hour and has explained the basis for his opinion. See Metropoulos Decl. ¶ 8 (Exhibit 3).

Mr. Warrington has been practicing for 12 years. His practice significantly focuses on First Amendment cases defending the rights of individuals and groups who participate in the political process. Mr. Metropoulos has opined that the appropriate billing rate for Mr. Warrington is $290 per hour and has explained the basis for his opinion. See Metropoulos Decl. at ¶ 8 (Exhibit 3).

**III    NAGR IS ENTITLED TO FEES FOR WORK ON THIS MOTION**

It is "well established that time spent in preparing fee applications under 42 U.S.C. 1988 is compensable." *Gonzalez,* 729 F.3d at 1210. Fees-on-fees should be awarded "even where the district court does not award the applicant the full amount of the fees he requests." *Id.* The lodestar method should be used to

determine a reasonable fee for a plaintiff's work on a fee motion. *Id.* NAGR's attorneys have performed 9.7 hours, which is included in the figures presented below. NAGR anticipates additional time to prepare a reply brief for this motion and will include that time as well.

### IV. TOTAL ATTORNEYS FEES & EXPENSES REQUEST BY NAGR

**Mr. Monforton's Fees**
 Billable Hours: **69.2 hrs** ((89.2 hrs reduced by 33%) + 9.7 for fee mtn)
 Reasonable Billing Rate: **$ 290.00/hr**
 Fees Generated by Monforton: (69.2 hrs x $290/hr)   **$ 20,068.00**

**Mr. Warrington's Fees:**
 Billable Hours: **6 hrs** (24 hrs reduced by 75%)
 Reasonable Billing Rate: **$290/ hr**
 Fees Generated by Warrington:   **$ 1,740.00**

 Total Attorney Fees Requested:   **$ 21,808.00**

**Costs:**

| Date | Description | Amount | |
|---|---|---|---|
| 3/18/16 | U.S. Dist Ct filing fee | 400.00 | |
| 4/4/16 | Process server fees | 225.00 | |
| 5/3/16 | Mileage to Missoula for ct hearing (420 miles x $.55) | 231.00 | |
| 10/25/16 | Mileage to Missoula for ct hearing (420 miles x $.55) | 231.00 | |
| 2/15/17 | Warrington PHV fee | 255.00 | |

 Total Costs:   **$ 1,342.00**
                   =============

 Total Fees & Costs:   **$ 23,150.00**

13

The fees and expenses estimated here are subject to change for additional time and expenses incurred after this date on appeal, remand, and in pursuit of attorney's fees and expenses themselves.

## CONCLUSION

For all of the foregoing reasons, NAGR respectfully requests that this Court grant NAGR's motion and award it fees and costs in the amount of $ 23,150.00.

Dated: January 2, 2018

        Respectfully submitted,

        /s/ Matthew G. Monforton
        Matthew G. Monforton
        Monforton Law Offices, PLLC
        32 Kelly Court
        Bozeman, Montana 59718
        Telephone: (406) 570-2949
        Facsimile: (406) 551-6919
        Email: matthewmonforton@yahoo.com


        /s/ David A. Warrington
        David A. Warrington
        LeClairRyan, A Professional Corporation
        2318 Mill Road, Suite 1100
        Alexandria, Virginia 22314
        Telephone: (703) 647-5926
        Facsimile: (703) 647-5966
        Email: david.warrington@leclairryan
        (Appearing *Pro Hac Vice*)

        Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 7.1(D)(2)(E)

I hereby certify that this document, excluding caption and certificate of compliance, contains 2843 words, as determined by the word count of word processing software used to prepare this document.

Dated: January 2, 2018

        Respectfully submitted,

        /s/ Matthew G. Monforton
        Matthew G. Monforton (Montana Bar # 5245)
        Monforton Law Offices, PLLC
        32 Kelly Court
        Bozeman, Montana 59718
        Telephone: (406) 570-2949
        Facsimile: (406) 551-6919
        Email: matthewmonforton@yahoo.com

        /s/ David A. Warrington
        David A. Warrington
        LeClairRyan, A Professional Corporation
        2318 Mill Road, Suite 1100
        Alexandria, Virginia 22314
        Telephone: (703) 647-5926
        Facsimile: (703) 647-5966
        Email: david.warrington@leclairryan
        (Appearing *Pro Hac Vice*)

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to counsel for all other parties.


Dated: January 2, 2018

                                         Respectfully submitted,

                                         /s/ Matthew G. Monforton
                                         Matthew G. Monforton
                                         Monforton Law Offices, PLLC
                                         32 Kelly Court
                                         Bozeman, Montana 59718
                                         Telephone: (406) 570-2949
                                         Facsimile: (406) 551-6919
                                         Email: matthewmonforton@yahoo.com


                                         /s/ David A. Warrington
                                         David A. Warrington
                                         LeClairRyan, A Professional Corporation
                                         2318 Mill Road, Suite 1100
                                         Alexandria, Virginia 22314
                                         Telephone: (703) 647-5926
                                         Facsimile: (703) 647-5966
                                         Email: david.warrington@leclairryan
                                         (Appearing *Pro Hac Vice*)

                                         Attorneys for Plaintiff